█ In the Matter of DYANDRIA MURRAY, Appellant, v GERARD MURRAY, Respondent. [767 NYS2d 770]—

Order, Family Court, New York County (Helen Sturm, J.), entered on or about October 22, 2001, which denied petitioner's objections to the order of the Hearing Examiner, dated April 9, 2001, and dismissed the petition for support arrears, unanimously modified, on the law and the facts, to grant petitioner's objections insofar as to reinstate and grant the petition to the extent of awarding petitioner child support arrears of $5,957, and otherwise affirmed, without costs.

While the credibility findings of a hearing examiner are entitled to deference (*see e.g. Sivigny v Sivigny,* 213 AD2d 243,

244 [1995]), respondent's uncorroborated and undocumented testimony that he made "a few" cash payments "around Christmastime, before [his] daughter's birthday, things like that" and that he paid petitioner "maybe" or "about" $4,000 in cash, that he believed or "seemed to recall" that his attorney had given two additional checks in the amount of $311 each to petitioner, and that he believed, but could not be sure, that an additional $2,000 payment had been made to petitioner from his pension plan, did not warrant the credits against support arrears given by the Hearing Examiner. Under the pendente lite order, petitioner was entitled to the sum of $26,000 for support and maintenance. Crediting respondent for documented payments of $16,000 from his pension and $4,043 in direct payment checks, there remains due petitioner the sum of $5,957.

We have examined petitioner's other arguments and find them unavailing. Concur—Tom, J.P., Saxe, Rosenberger, Williams and Gonzalez, JJ.